Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas   75242
(214) 767-8967 x 1247

Elizabeth Ziegler Young
For the United States Trustee
elizabeth.a.young@usdoj.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | | |
|---|---|---|---|
| **IN RE:** | § | | |
| | § | | |
| **Marina Del Rey, LLC,** | § | **Case No.** | **25-30909-sgj-11** |
| | § | | |
| | § | **Hearing:** | **To be set** |
| **Debtor-in-Possession.** | § | | |

**United States Trustee's Emergency Motion to Dismiss under 11 U.S.C. § 1112(b)**

TO THE HONORABLE STACEY G. JERNIGAN
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves to dismiss this case under 11 U.S.C. § 1112(b).  The United States Trustee would show:

### Summary

Cause exists to dismiss this case because the Debtor's lease and insurance policies have lapsed.  The Debtor operates a marina on Lake Texoma pursuant to a lease with the U.S. Army Corp of Engineers.  The Debtor's secured lender, SMS Financial Strategic Investments V, LLC ("SMS") obtained a state court receiver, William Sharpe ("State Court Receiver"), who is currently operating the Marina.  Although the State Court Receiver has obtained some general liability insurance, it is insufficient to cover losses to the estate. To date, no property insurance has been provided to the United States Trustee.  Cause exists to dismiss this case.

## Jurisdiction

This Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing order of reference.  A motion to dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A),(O).

## Factual and Procedural History

1.      Marina Del Rey, LLC, ("Debtor") filed a voluntary chapter 11 petition on March 17, 2025, thereby commencing case no. 25-30909-SGJ-11 in the United States Bankruptcy Court for the Northern District of Texas.

2.      The Debtor operates a marina located at 7007 Marina Dr., Kingston, Oklahoma ("Marina").

3.      The Debtor leases the land on which the Marina operates from the U.S. Army Corps of Engineers ("Lease").  [docket no. 13, ¶ 7]

4.      The Debtor has not filed its schedules or a statement of financial affairs.

5.      The Debtor's § 341 meeting of creditors is currently set for April 23, 2025, at 2:00 p.m.

6.      The Debtor remains in possession.

SMS Lawsuit and Receivership

7.      On March 5, 2025, SMS filed a lawsuit against the Debtor in Marshall County District Court, Oklahoma, at Case No. CJ-25-17, ("State Court Lawsuit") for non-payment of amounts due under the note and for the Debtor's failure to maintain property and commercial liability insurance.  [docket no. 11, ¶ 25-32]

8.      According to the Motion, SMS is owed at least $11,738,121.93 on its note consisting of principal, interest and legal fees. [docket no. 11, ¶ 42]

9.      In the State Court Lawsuit, SMS sought the appointment of a receiver.  On March 5, 2025, the State Court appointed William Sharpe as the State Court Receiver.

10.     The receivership order provided the State Court Receiver with broad powers, including the "sole and exclusive authority to commence or dismiss a bankruptcy case", and to "supplant any rights or powers as to the management and control of the business operations". [docket no. 8, ¶ 1]

11.     The Debtor's chapter 11 bankruptcy filing stayed the State Court Receiver from continuing with his state court appointed duties.

12.     In the *Debtor's Emergency Motion for Interim and Final Orders (A) Authorizing use of Cash Collateral; (B) Granting Adequate Protection; and (C) Scheduling a Final Hearing*, the Debtor seeks turnover and use of cash collateral ("Cash Collateral Motion").  [docket no. 13]

13.     The budget attached to the Cash Collateral Motion does not provide for the payment of insurance.

Motions to Dismiss and Excuse Compliance

14.     On March 19, 2025, the State Court Receiver filed his *William L. Sharpe's Emergency Motion For An Order (I) Dismissing The Bankruptcy Case (A) Due To Lack Of Corporate Authority; Or Alternatively, (B) For Cause Pursuant To 11 U.S.C. § 1112(B); (II) Excusing Compliance With Turnover Demand Pursuant To 11 U.S.C. § 543(D); and (III) Granting Related Relief* ("Receiver Motion to Dismiss") [docket no. 8]

15.     On March 19, 2025, SMS filed its *Motion to Dismiss or, in the alternative, Motion for Declaration that Receiver May Remain in Charge of Debtor in Possession* ("SMS Motion to Dismiss") [docket no. 11].

16.     SMS and the State Court Receiver allege that the Debtor failed to appropriately obtain

consent of the State Court Receiver before filing this case, and which failure establishes cause

for either the case to be dismissed or for the State Court Receiver to remain in possession of the

Marina as this case was filed improperly. [docket nos. 11, 8]

17.     SMS alleges the Debtor has failed to maintain property insurance and commercial general

liability insurance. [docket no. 11. ¶ 31, 32]

18.     SMS further alleges the U.S. Army Corp of Engineers provided the Debtor a "Second

Notice of Deficiencies, Order Closing Marina" wherein the Debtor was advised of, among other

things, its (a) failure to maintain insurance and a performance bond and (b) "multiple safety

issues on the leased premises" and that the Lease for the Marina was revoked on February 19,

2025. [docket no. 11, ¶ 35-37]

19.     SMS alleges the Marina suffered an insured loss due to storm damage in May 2024 in the

amount of $14,623,701.49.  [docket no. 11 at ¶ 38-41]

20.     The Debtor acknowledges the "widespread damage" to the property estimated at $15

Million. [docket no. 13, ¶ 16]

21.     The Debtor also acknowledges that it is currently in dispute with its insurer, Argonaut

over its insurance coverage, and to date only $1.2 Million has been funded to cover the storm

damage losses.  [docket no. 13, ¶ 16]

22.     Finally, the Debtor acknowledges that despite obtaining a new insurance policy in

December 2024, installment payments for such insurance coverage were not made, and the

policy was cancelled.  Although the Debtor alleges additional payments were made and the

policy was reinstated, to date, the United States Trustee has not received sufficient proof of

insurance from the Debtor.  [docket no. 13, ¶ 22]

23.     Upon information and belief, the State Court Receiver has obtained some general liability insurance and provided a Certificate of Insurance to the United States Trustee[1], but which Certificate does not show that the assets of the Debtor's estate are properly insured.

24.     To date, no party has provided any property insurance policies to the United States Trustee.

25.     Upon information and belief, SMS has not agreed to the use of cash collateral, including for payment of insurance.

## Legal Analysis

General discussion of burdens when dismissal is sought

26.     Under section 1112(b), the Court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause. 11 U.S.C. §1112(b)(1).

Failure to Maintain Adequate Insurance

27.     Cause exists for dismissal when a debtor fails "to maintain appropriate insurance that poses a risk either to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C).   The Supreme Court has held that the estate may be liable for any damages resulting from a receiver's negligence. *Reading Co. v. Brown,* 391 U.S. 471, 481 (1968).  While *Reading Co. v. Brown* was decided under the old Bankruptcy Act, the Fifth Circuit has more recently cited to this case to support the principle that the estate may be liable for administrative costs incurred through a trustee's failure to act.  *See, e.g., Texas v. Lowe (In re HLS Energy Co.)*, 151 F.3d 434 (5th Cir. 1998) (bankruptcy estate liable for costs state incurred when trustee did not plug wells).

---

[1] The Certificate of Insurance provided reflects that this insurance was force placed insurance procured by SMS which may cover the State Court Receiver rather than assets of the bankruptcy estate.  The United States Trustee has not obtained the Binder for the policy.

28.     Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy Clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to comply with the requirements of these guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b).

Local Bankruptcy Rule 2020-1.

29.     The United States Trustee's *Guidelines for Chapter 11 Cases Northern & Eastern Districts of Texas Region VI* ("*Guidelines*")[2] requires debtors to maintain appropriate insurance. *Guidelines § VII.*

30.     The Debtor does not maintain property or general liability insurance on its business operations.  This failure to maintain insurance is especially concerning given that the Debtor operates a marina on Lake Texoma.  The Debtor faces exposure from liabilities that could arise due to accident, personal injury, damage, theft or vandalism, and which exposure subjects the estate to potentially significant risk and losses.  Moreover, the Debtor already has sustained approximately $15 Million in property damages and the insurance coverage for which is currently in dispute.   The Debtor does not have the financial ability to address these outstanding liabilities.  Cause exists for dismissal.

Failure to Cooperate with the United States Trustee

31.     Cause exists for dismissal when a debtor fails to satisfy timely any reporting requirements or fails to provide information reasonably requested by the United States Trustee.  11 U.S.C. § 1112(b)(4)(F), (H).

32.     While the case is in its first week, the Debtor has failed to produce any documents to the United States Trustee, including insurance policies.  This is in part due to the State Court Receiver

---

[2] The *Guidelines* may be accessed at https://www.justice.gov/usdoj-media/ust/media/1337916/dl?inline

and SMS's Motions to Dismiss and the Debtor's lack of access to this information.  However, the only proof of insurance provided is a Certificate of Insurance produced by SMS which is insufficient proof of insurance.  These delinquencies constitute cause for dismissal or conversion of this bankruptcy case under 11 U.S.C. § 1112(b)(4)(H).  *See also* Local Bankr. R. 2010-1 ("[f]ailure to comply with the requirements of [UST] guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b)").  Cause exists to dismiss this case.

No reasonable likelihood of reorganization

33.     The Court may dismiss a case for "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of reorganization." 11 U.S.C. § 1112(b)(b)(4)(A).  There appears to be no reasonable likelihood of reorganization in this case.  The Debtor's assets are uninsured, a prepetition state court receiver is in place and the Debtor has sustained $15 Million in existing property damages.  Given these facts, there is no likelihood of reorganization and cause exists to dismiss this case.

Conversion not in best interests of creditors and the estates

34.     Given that the Debtor's assets are uninsured and represent a potential liability to the estate, conversion to chapter 7 would not be in the best interests of creditors or the estate.

**Conclusion**

Wherefore, the United States Trustee respectfully requests that the Court dismiss this case.  The United States Trustee further requests any further proper relief.

DATED: March 24, 2025                    Respectfully submitted,

LISA L. LAMBERT
UNITED STATES TRUSTEE

/s/ Elizabeth Ziegler Young

Elizabeth Ziegler Young
Trial Attorney
Texas State Bar No. 24086345 (Also by New York)
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967 x 1247
elizabeth.a.young@usdoj.gov

CERTIFICATE OF CONFERENCE

On March 24, 2025, I corresponded with Joe Postnikoff, attorney for the Debtor, who is opposed to dismissal of this case. On March 24, 2025, I also corresponded with Jeff Carruth, attorney for SMS, who is not opposed to dismissal of the case.

    /s/ Elizabeth Ziegler Young
Elizabeth Ziegler Young

CERTIFICATE OF SERVICE

I certify that I sent copy of the foregoing document via ECF or via first class United States mail on March 24, 2025, to the following:

    /s/ Elizabeth Ziegler Young
Elizabeth Ziegler Young

**Marina Del Rey, L.L.C.**
3536 Rosedale Ave
Dallas, TX 75205-1226

**Joseph F Postnikoff**
Rochelle McCullough, LLP
300 Throckmorton
Ste 520
Fort Worth, TX 76102

**Shannon Smith Thomas**
Rochelle McCullough, LLP
901 Main St
Suite 3200
Dallas, TX 75202

**Jeffery D. Carruth**
Weycer Kaplan Pulaski & Zuber, P.C.
2608 Hibernia, Suite 105
Dallas, TX 75204-2514

**Christopher Adams**
Okin Adams & Kilmer LLP
1113 Vine Street, Suite 201
Houston, TX 77002

**John Thomas Oldham**
Okin Adams LLP
1113 Vine Street
Suite 240
Houston, TX 77002